**NOT FOR PUBLICATION**

DEC 18 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JON CHARLES BEYER; SHELLEY BEYER, | No. 11-35728 |
| Plaintiffs - Appellants, | D.C. No. 3:10-cv-00523-MO |
| v. | |
| BANK OF AMERICA, NA, DBA BAC Home Loans Servicing, LP; et al., | MEMORANDUM* |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 9, 2014**

Before:      WALLACE, LEAVY, and BYBEE, Circuit Judges.

Jon Charles Beyer and Shelley Beyer appeal pro se from the district court's

judgment dismissing their action arising from foreclosure proceedings. We have

jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Fed. R.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

Civ. P 12(b)(6), *Stone v. Travelers Corp.*, 58 F.3d 434, 436-37 (9th Cir. 1995), and we vacate and remand.

The district court dismissed the Beyers' action after finding, among other things, that Mortgage Electronic Registration Systems, Inc. ("MERS") was a proper beneficiary of the Beyers' deed of trust under Oregon law.

However, after the district court entered judgment, the Supreme Court of Oregon decided, in reviewing a deed of trust similar to the Beyers', that MERS cannot be a "beneficiary" of a deed of trust under the Oregon Trust Deed Act, nor is MERS eligible to serve as the beneficiary simply by being designated as such in the deed of trust. *See Brandrup v. ReconTrust Co.*, 303 P.3d 301, 304, 309-12 (Or. 2013). Because the district court did not have the benefit of *Brandrup* when it issued its order of dismissal, we vacate and remand to allow the court to reconsider the Beyers' wrongful foreclosure action. *See Pullman-Standard v. Swint*, 456 U.S. 273, 292 (1982) (where findings are infirm because of an erroneous view of the law, a remand is the proper course unless the record permits only one resolution of the factual issue).

The parties shall bear their own costs on appeal.

**VACATED and REMANDED.**