**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHARLES MORSE BARKER, III and ELMER V. DUNHAM,<br><br>          Plaintiffs - Appellants,<br><br>v.<br><br>GMAC MORTGAGE LLC; et al.,<br><br>          Defendants - Appellees. | No. 11-35841<br><br>D.C. No. 3:11-cv-00579-MO<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted July 30, 2015[**]
San Francisco, California

Before: THOMAS, Chief Judge and D.W. NELSON and LEAVY, Circuit Judges.

Charles Barker III and his father-in-law, Elmer Dunham, (collectively, appellants) appeal pro se the district court's dismissal of their second amended complaint and the grant of summary judgment to defendant-appellees. We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction pursuant to 28 U.S.C. 1291, and we affirm in part, reverse in part and remand.

1.     The district court correctly concluded that appellees were not required to produce an original or copy of the promissory notes before proceeding with nonjudicial foreclosure.  Oregon law contains no such requirement.  *See generally* Or. Rev. Stat. §§ 86.704–86.815; *see also Reeves v. ReconTrust Co., N.A.*, 846 F. Supp. 2d 1149, 1159 (D. Or. 2012) ("There is not anything in Oregon law that require[s] presentment of the note or other proof of real party in interest or standing, other than the deed of trust, to proceed with a non-judicial foreclosure.") (internal quotation marks omitted); *Tabb v. One West Bank*, 2010 WL 5684402, at *5 (D. Or. Nov. 1. 2010) (noting Oregon law "does not require any party to a trustee's sale to produce a physical copy of the original note").

2.     The district court erred in concluding that MERS is a valid trust deed beneficiary.  When this case was pending before the district court, the state of the law concerning MERS remained unsettled.  *Compare Sovereign v. Deutsche Bank*, 856 F. Supp. 2d. 1203, 1212 (D. Or. 2012) (holding MERS is a valid trust deed beneficiary under Oregon law); *Reeves*, 846 F. Supp. 2d at 1159–62 (D. Or. 2012) (same); *Beyer v. Bank of Am.*, 800 F. Supp. 2d. 1157, 1161–62 (D. Or.) (same), *vacated by* 588 F. App'x 672 (9th Cir. 2014), *with James v. ReconTrust Co.*, 845 F.

Supp. 2d. 1145, 1165 (D. Or. 2012) (holding MERS is not a valid trust deed beneficiary under Oregon law). The Oregon Supreme Court has subsequently held that "[f]or the purposes of [the Oregon Trust Deed Act] . . . an entity like MERS, which is not a lender, may not be a trust deed's 'beneficiary,' unless it is a lender's successor in interest." *Brandrup v. ReconTrust Co., N.A.*, 303 P.3d 301, 304, 309–12 (Or. 2013). Because the main basis for the district court's order rested on the validity of MERS as a trust deed beneficiary, we remand to the district court for reconsideration in light of *Brandrup*.

3.      The district court properly disposed of appellants' Real Estate Settlement Procedures Act (RESPA) claim. Assuming without deciding that appellants' correspondence with appellees constituted qualified written requests, it appears that appellees complied with their duty pursuant to RESPA to respond.

4.      The district court did not err in dismissing appellants' fraud claims, as the allegations did not comply with the heightened pleading requirements contained in Federal Rule of Civil Procedure 9(b). *Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (per curiam). However, appellants predicate their fraud and common law fraud claims on the theory that MERS cannot serve as a valid trust deed beneficiary. Because the Oregon Supreme Court has held definitively in appellants' favor on this issue, we remand the fraud claims to the district court.

*See Brandrup*, 303 P.3d at 304, 309–12.  Appellants shall be afforded leave to amend their complaint.

5.      In denying the motion for preliminary injunction, the district court discussed claims alleged in the first amended complaint that the court categorized as "allegations of general unfairness."  The district court did not enumerate which claims fell within this general unfairness characterization but held that Barker had "not shown how they violate the law."  The district court did not address claims of "general unfairness" when disposing of the motions to dismiss and for summary judgment, though the court did note that it was treating the second amended complaint—not the first amended complaint addressed in the order denying the motion for a preliminary injunction—as the operative pleading.  Because we cannot ascertain which claims call within the general unfairness categorization or the basis on which the district court dismissed them or granted summary judgment on them, we remand these claims to the district court for reconsideration.

6.      Dunham has standing to pursue his claims, and Barker is not committing the unauthorized practice of law.  Barker and Dunham proceed here as co-appellants, and both parties signed the opening and reply briefs.

        **AFFIRMED in part, REVERSED in part and REMANDED.**  Each side shall bear its own costs.