**NOT FOR PUBLICATION**

FILED

UNITED STATES COURT OF APPEALS

AUG 16 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

CHARLES MORSE BARKER III,

Plaintiff-Appellant,

v.

JPMORGAN CHASE BANK, N.A.; et al.,

Defendants-Appellees.

No.   16-35615

D.C. No. 3:11-cv-00579-MO

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, Chief Judge, Presiding

Submitted August 14, 2018[**]

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Charles Morse Barker III appeals pro se from the district court's dismissal, on remand from this court, of his suit alleging various mortgage- and foreclosure-related claims under Oregon and federal law.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal for failure to state a claim under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Federal Rule of Civil Procedure 12(b)(6). *Eclectic Props. East, LLC v. Marcus & Millichap Co.*, 751 F.3d 990, 995 (9th Cir. 2014). We affirm.

We conclude that, at most, Barker has established standing to pursue his quiet title and fraud claims. *See Wittman v. Personhuballah*, 136 S. Ct. 1732, 1736 (2016) (stating that standing requirements persist through the life of a lawsuit); *Friends of Santa Clara River v. U.S. Army Corps of Eng'rs*, 887 F.3d 906, 918 (9th Cir. 2018) (setting forth standard for establishing constitutional standing).

Additionally, to the extent Barker challenges on appeal the district court's dismissal of his claims, the district court properly concluded that Barker had failed to state a claim. The district court properly dismissed Barker's fraud cause of action as Barker failed to satisfy the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b). *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1124-25 (9th Cir. 2009) (holding that circumstances constituting fraud must be stated with particularity). Barker failed to state a claim under the Fair Debt Collection Practices Act because he failed to allege facts sufficient to show that any defendant was a "debt collector" under the Act. *See* 15 U.S.C. § 1692a(6) (defining "debt collector"); *Ho v. ReconTrust Co.*, 858 F.3d 568, 572 (9th Cir.), *cert. denied*, 138 S. Ct. 504 (2017). The district court properly dismissed Barker's conversion, wrongful foreclosure/quiet title, unjust enrichment, "unfair practices – gross financial inequity," Oregon Trust Deed Act, "contract of adhesion," and

2

MERS-related claims because Barker either failed to allege a cognizable legal theory or failed to allege facts sufficient to state a claim. *See Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (stating that a dismissal under Rule 12(b)(6) may be based on a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory). Contrary to Barker's arguments, the district court followed this court's mandate in Barker's prior appeal regarding "allegations of general unfairness" by explicitly addressing each claim asserted by Barker in his third amended complaint. *See Barker v. GMAC Mortgage LLC*, 612 F. App'x 452 (9th Cir. 2015).

The district judge did not plainly err by failing sua sponte to disqualify himself. *See* 28 U.S.C. § 455; *United States v. Holland*, 519 F.3d 909, 911-12 (9th Cir. 2008). Barker's arguments, primarily addressing the merits of the district court's rulings, do not establish a basis for recusal. *See Blixseth v. Yellowstone Mountain Club, LLC*, 742 F.3d 1215, 1220 (9th Cir. 2014) (per curiam).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motions for judicial notice (Docket Entry Nos. 34 and 35) are denied.

**AFFIRMED.**

3