**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

SERENA KWAN, an individual,
On Behalf of Herself and All
Others Similarly Situated,
*Plaintiff-Appellant*,

v.

SANMEDICA INTERNATIONAL, a
Utah Limited Liability Company,
*Defendant-Appellee*.

No. 15-15496

D.C. No.
3:14-cv-03287-MEJ

OPINION

Appeal from the United States District Court
for the Northern District of California
Maria-Elena James, Magistrate Judge, Presiding

Argued and Submitted January 12, 2017
San Francisco, California

Filed April 21, 2017

Before: J. Clifford Wallace and Milan D. Smith, Jr.,
Circuit Judges, and Ralph R. Erickson,* District Judge.

Opinion by Judge Erickson

---

*The Honorable Ralph R. Erickson, United States District Judge for
the District of North Dakota, sitting by designation.

# SUMMARY[**]

## California Law

The panel affirmed the district court's Fed. R. Civ. P. 12(b)(6) dismissal of plaintiff's second amended complaint, which alleged that defendants made claims concerning its product, SeroVital, that were unsubstantiated.

Pursuant to the holding in *National Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, 107 Cal. App. 4th 1336, 1344 (Cal. App. 2003), the panel held that the district court did not err in concluding that neither the Unfair Competition Law nor the Consumer Legal Remedies Act provided plaintiff with a private cause of action to enforce the substantiation provisions of California's unfair competition and/or consumer protection laws.

The panel held that the district court did not err in concluding that the second amended complaint failed to allege facts that would support a finding that defendants' claims regarding its product, SerioVital, were actually false. The panel also held that the district court did not err by declining to address plaintiff's complaint as if this case were a case brought under the Lanham Act.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Stewart M. Weltman (argued) and Max A. Stein, Boodell & Domanskis LLC, Chicago, Illinois; Elaine Ryan and Patricia N. Syverson, Bonnett Fairbourn Friedman & Balint P.C., Phoenix, Arizona; Manfred Muecke, Bonnett Fairbourn Friedman & Balint P.C., San Diego, California; for Plaintiff-Appellant.

Jason Kerr (argued), Christopher B. Sullivan, Mark J. Williams, and Steven William Garff, Price Parkinson & Kerr PLLC, Salt Lake City, Utah, for Defendant-Appellee.

**OPINION**

ERICKSON, District Judge:

Serena Kwan appeals from the district court judgment dismissing her second amended complaint for failing to state a claim upon which relief can be granted.[1]  The district court correctly concluded that California law does not provide for a private cause of action to enforce the substantiation requirements of California's unfair competition and consumer protection laws.  Further, the district court did not err in concluding that Kwan's second amended complaint failed to allege facts that would support a finding that SanMedica International's claims regarding its product, SeroVital, were actually false.  Accordingly, we **AFFIRM**.

---

[1] For purposes of oral argument only, we consolidated this appeal with the appeal in *Julian Engel v. Novex Biotech, LLC*, No. 15-15492. We address *Engel* in a concurrently filed memorandum disposition.

## BACKGROUND FACTS AND PROCEDURAL HISTORY

On July 21, 2014, Plaintiff/Appellant, Serena Kwan, an Individual, On Behalf of Herself and All Others Similarly Situated ("Kwan"), filed a class action against Defendants/Appellees, SanMedica International, LLC ("SanMedica"), a Utah Limited Liability Company, and Sierra Research Group, LLC ("Sierra"), a Utah Limited Liability Company, alleging violations of California's Unfair Competition Law ("UCL") and California's Consumers Legal Remedies Act ("CLRA"). Kwan filed a first amended complaint on August 27, 2014. The amended complaint was based on an allegation that the defendants falsely represented that their product, SeroVital, provides a 682% mean increase in Human Growth Hormone ("HGH") levels, that it was clinically tested, and that "peak growth hormone levels" are associated with "youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution."

On October 7, 2014, Sierra filed a motion under rule 12(b)(2) to dismiss for lack of jurisdiction. On October 16, 2014, Kwan filed a notice of voluntary dismissal of Sierra pursuant to rule 41(a)(1)(A)(I), Fed. R. Civ. P.

The court granted SanMedica's motion to dismiss with leave to amend. The court reasoned that the first amended complaint was based entirely on allegations related to whether SanMedica's claims regarding its product, SeroVital, were properly substantiated. Citing Cal. Bus. & Prof. Code § 17508, the court stated: "Individuals may not bring suit under the UCL or the CLRA alleging only that advertising claims lack substantiation" because that "right is reserved to 'the Director of Consumer Affairs, the Attorney General, any

city attorney, or any district attorney . . . .'" The court instructed that if Kwan chose to amend her complaint, "she must allege facts from which the [c]ourt can conclude that Defendant's advertising representations were false." The court continued, "it is not enough for Plaintiff to attack the methodology of Defendant's study; instead, she must allege facts affirmatively disproving Defendant's claims." The court advised:

> For example, Plaintiff could allege that one or more of the authorities alluded to actually studied or tested the formula SeroVital contains and found that it does not produce a 682% mean increase in HGH levels, or that Plaintiff herself did not experience such an increase when using the product, or that a study exists somewhere demonstrating that a 682% increase is categorically impossible to achieve in an over-the-counter pill. Of course, Plaintiff should only allege these facts if she can do so in good faith.

Kwan filed a second amended complaint against SanMedica International, LLC, on December 1, 2014. In the second amended complaint, Kwan continues to maintain the two counts. Count one alleges violations of the California Unlawful Business and Practices Act. Count two alleges violations of the California Consumers Legal Remedies Act. Among several paragraphs containing conclusions of law and sweeping arguments, the second amended complaint contains the following material factual allegations:

1) SanMedica manufactures and sells SeroVital, an over-the-counter amino acid supplement represented as an HGH

secretagogue, meaning it is supposed to "prompt the body to secrete HGH."

2) SanMedica represents in its marketing campaign and on each label of SeroVital that:

> (1) "It is clear that Growth Hormone has been associated with wrinkle reduction, decreased body fat, increased lean muscle mass, stronger bones, improved mood, heightened sex drive, and making users look and feel decades – not years, but DECADES – younger"; (2) "peak growth hormone levels" are "associated with: youthful skin integrity, lean musculature, elevated energy production, [and] adipose tissue distribution"; and (3) that SeroVital is clinically tested to boost human growth hormone ("HGH") by a mean of 682% (hereafter the "682% HGH increase representation").

3) These representations are false.

4) After being exposed to the representation, in May 2014, Kwan purchased one box of SeroVital online from SanMedica.

5) A 120 count bottle of SeroVital sells for approximately $99.00.

6) If she had known the truth about the product, or that it was being sold illegally, Kwan would not have purchased the product.

7) "There is no Credible Scientific Evidence to Support Defendant's 682% HGH Increase Representation, HGH Fountain Of Youth Benefit Representations, And SeroVital Fountain of Youth And Body Composition Representations."

8) The only study identified by Defendant's website is not an example of scientific evidence recognized by experts, was never peer-reviewed, and was never published in a peer-reviewed journal.

9) The study is arguably incredible.

10) SeroVital is a dietary supplement that is sold illegally because SanMedica's marketing claims are not properly substantiated as required by federal and state law regulating the sale of dietary supplements.

11) Kwan and other "Class members have been damaged in their purchases of the Product."

Although the second amended complaint alleges that Kwan purchased SeroVital, it does not allege that she, or any of the purported class members, ever actually used the product.

SanMedica filed a motion to dismiss the second amended complaint under rule 12(b)(6), Fed. R. Civ. P., for failure to state a claim upon which relief can be granted. Because the second amended complaint failed to specifically allege facts to support a finding that SanMedica's claims regarding SeroVital were actually false, the court concluded that Kwan was again merely alleging lack of substantiation. Because Kwan had been provided "the opportunity to amend her complaint, and she has once again failed to allege facts from which the [c]ourt could conclude that Defendant's advertising

representations were false," the court dismissed the matter with prejudice. Kwan timely appealed.

## JURISDICTION AND STANDARD OF REVIEW

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review *de novo* the district court's judgment granting a 12(b)(6) motion for failure to state a claim upon which relief can be granted. *Johnson v. Fed. Home Loan Mortg. Corp.*, 793 F.3d 1005, 1007 (9th Cir. 2015). This court may affirm the dismissal "based on any ground supported by the record." *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008). A dismissal under rule 12(b)(6) "may be based on either a 'lack of a cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Id*. at 1121–22 (quoting *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990)).

"The task of a federal court in a diversity action is to approximate state law as closely as possible in order to make sure that the vindication of the state right is without discrimination because of the federal forum." *Gee v. Tenneco, Inc.*, 615 F.2d 857, 861 (9th Cir. 1980); *accord U.S. Fidelity and Guaranty Co. v. Lee Investments LLC*, 641 F.3d 1126, 1133 (9th Cir. 2011) ("Perhaps a better way of putting it is to say that one of the goals in deciding state law questions is to do no harm to state jurisprudence."). "[F]ederal courts are bound by the pronouncements of the state's highest court on applicable state law." *Ticknor v. Choice Hotels, Inc.*, 265 F.3d 931, 939 (9th Cir. 2001). Similarly, a federal court is "not free to reject a state judicial rule of law merely because it has not received the sanction of the state's highest court, but it must ascertain from all available data what the state law is and apply it." *Estrella v.*

*Brandt*, 682 F.2d 814, 817 (9th Cir. 1982). "An intermediate state appellate court decision is a 'datum for ascertaining state law which is not to be disregarded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise.'" *Id.* at 817 (quoting *West v. A.T.&T. Co.*, 311 U.S. 223, 237 (1940)); *see also Lewis v. Tel. Empl. Credit Union*, 87 F.3d 1537, 1546 (9th Cir. 1996) (citing *In re Kirkland*, 915 F.2d 1236, 1239 (9th Cir. 1990) to recognize that ". . . where there is no convincing evidence that the state supreme court would decide differently, 'a federal court is obligated to follow the decisions of the state's intermediate appellate courts'").

Further, as this court has previously explained:

> On appeal, we are limited in our review of the district court's interpretation of the law of the state in which it sits. We do not overrule a district judge on the question of state law unless the judge's findings are "clearly wrong." . . . While this circuit does not regard the district judge's presumed expertise in the law of his or her own state to be infallible, . . . we nonetheless regard the standard of review on this issue as one which does restrict our scrutiny of the district judge's determination.

*Gee v. Tenneco*, 615 F.2d at 861 (citations omitted).

## DISCUSSION

**1. Whether the California law regulating advertising provides a cause of action for private citizens alleging that marketing claims lack proper scientific substantiation.**

The UCL provides:

> It shall be unlawful for any person doing business in California and advertising to consumers in California to make any false or misleading advertising claims that (1) purport to be based on factual, objective, or clinical evidence, (2) compare the product's effectiveness or safety to that of other brands or products, or (3) purport to be based on any fact.

Cal. Bus. & Prof. Code § 17508. The UCL does not provide a private cause of action unless a person suffers an injury in fact as a result of unfair competition:

> Actions for relief pursuant to this chapter shall be prosecuted exclusively in a court of competent jurisdiction by the Attorney General or a district attorney or by a county counsel authorized by agreement with the district attorney in actions involving violation of a county ordinance, or by a city attorney of a city having a population in excess of 750,000, or by a city attorney in a city or county or, with the consent of the district attorney, by a city prosecutor in a city having

a full-time city prosecutor in the name of the people of the State of California upon their own complaint or upon the complaint of a board, officer, person, corporation, or association, or by a person who has suffered injury in fact and has lost money or property as a result of the unfair competition.

Cal. Bus. & Prof. Code § 17204.

The CLRA "shall be liberally construed and applied to promote its underlying purposes, which are to protect consumers against unfair and deceptive business practices and to provide efficient and economical procedures to secure such protection." Cal. Civ. Code § 1760. The CLRA proscribes certain "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer . . . ." Cal. Civ. Code § 1770(a). Specific to the case at hand, the CLRA prohibits representing that goods have approval, ingredients, uses, or benefits "which they do not have" or representing that goods "are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another." Cal. Civ. Code § 1770(a)(5) and (7). The CLRA provides: "Any consumer who suffers any damage as a result of the use or employment of a method, act, or practice declared unlawful by Section 1770 may bring an action against that person to recover or obtain" relief including actual damages, enjoining of "methods, acts, or practices", restitution, punitive damages, or any "other relief that the court deems proper." Cal. Civ. Code § 1780(a).

The California Supreme Court recognizes that both the UCL and the CLRA, with the purposes of promoting fair competition and consumer protection, contain "broad, sweeping language" to describe their substantive provisions. *Loeffler v. Target Corp.*, 324 P.3d 50, 75 (Cal. 2014) (quoting *Kwikset Corp. v. Superior Court*, 246 P.3d 877, 883 (Cal. 2011)). However, California's highest state court also recognizes that these statutes do not give the courts the authority to "simply impose their own notions" of fairness and the legislature may "limit the judiciary's power to declare conduct unfair." *Id.* at 76 (quoting *Cal-Tech Communications, Inc. v. Los Angeles Cellular Tel. Co.*, 973 P.2d 527, 541 (Cal. 1999)). For example, if the legislature "has permitted certain conduct or considered a situation and concluded no action should lie, courts may not override that determination." *Id.* (internal quotation marks omitted). "Moreover," the California Supreme Court has explained, "in some instances, an action may not lie under the UCL because another statutory scheme provides the exclusive means for resolving disputes." *Id.*

In *National Council Against Health Fraud, Inc. v. King Bio Pharmaceuticals, Inc.*, ("*King Bio*"), the California Court of Appeal, Second District, after careful analysis of the statutory provisions addressing who may bring a legal action under the UCL, stated:

> In sum, both private persons and prosecuting authorities may sue to enjoin false advertising and obtain restitution. When they bring such actions, both private persons and prosecuting authorities bear the burden of proving the advertising claims to be false or misleading. Prosecuting authorities, but not private

plaintiffs, have the administrative power to request advertisers to substantiate advertising claims before bringing actions for false advertisement, but the prosecuting authorities retain the burden of proof in the false advertising actions.

107 Cal.App.4th 1336, 1344 (Cal. App. 2003).

In the fourteen years since *King Bio* was decided, courts, including several federal district courts, have cited it to require that private citizens bringing suit under the UCL or the CLRA properly allege proof that plaintiffs sustained injury from relying on marketing statements that were actually false.[2] These courts have precluded private citizens

---

[2] Several courts have followed the reasoning in *King Bio* in granting in full or in part motions for dismissal under rule 12(b)(6). These include: *Franz v. Beiersdorf, Inc.*, No. 14cv2241, 2015 WL 4659104, at **2–3 (S.D. Cal. Aug. 5, 2015); *Aloudi v. Intramedic Research Group, LLC*, No. 15-cv-00882, 2015 WL 4148381, at **3–4, 6 (N.D. Cal. July 9, 2015); *McCrary v. Elations Co., LLC*, No. EDVC 13-0242, 2013 WL 6402217, at *3, *6 (C.D. Cal. April 24, 2013); and *Marshall v. PH Beauty Labs, Inc.*, No. CV 15-02101, 2015 WL 3407906, at *3 (C.D. Cal. May 27, 2015). In *Stanley v. Bayer Healthcare LLC*, No. 11cv862, 2012 WL 1132920 (S.D. Cal. April 3, 2012), the district court followed the reasoning of *King Bio* in granting summary judgment against plaintiff. In *Nilon v. Natural-Immunogenics Corp.*, No. 3:12cv00930, 2013 WL 5462288 (S.D. Cal. Sept. 30, 2013), the district court cited *King Bio* and cases citing *King Bio* in denying class action certification and ordering, *sua sponte*, that Plaintiff file an amended complaint because, as it stood, the complaint merely alleged lack of substantiation. The following courts have acknowledged the force of *King Bio* as precedent, but have at least partially denied dismissal because of factual allegations that distinguished the complaints from the complaint in *King Bio*: *Mollicone v. Universal Handcraft, Inc.*, Slip Copy, No. 2:16-cv-07322, 2017 WL 440257, at **11–12 (C.D. Cal. Jan. 30, 2017); *Melgar v. Zicam LLC*, Slip Copy, No.

from bringing actions that allege that the challenged advertising language lacked proper scientific substantiation. The California State Legislature has not amended the statutory language on which the *King Bio* holding relied. The California Supreme Court has not addressed *King Bio's* holding directly. However, the California Supreme Court recognizes that the "overriding purpose" of Proposition 64, which amended the UCL and the CLRA in 2004, "was to impose limits on private enforcement actions[.]" *In re Tobacco II Cases*, 207 P.3d 20, 39 (Cal. 2009). *Tobacco II* concluded that the amending language "imposes an actual reliance requirement on plaintiffs prosecuting a private enforcement action under the UCL's fraud prong." *Id.* Reliance, according to the California Supreme Court, "is proved by showing that defendant's *misrepresentation* is an 'immediate cause' of the plaintiff's conduct by showing that in *its* absence the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct." *Id.* (internal quotation marks omitted) (emphasis added). The California Supreme Court's references to "reliance" on a "misrepresentation" is consistent with *King Bio's* requirement

---

2:14-cv-00160, 2016 WL 1267870, at *10 (E.D. Cal. March 31, 2016); *Fortillati v. Hylands, Inc, et al.*, No. CV 12-1983, 2015 WL 9685557, at **4–5 (C.D. Cal. Jan. 12, 2015); *Bronson v. Johnson & Johnson*, No. C 12-04184, 2013 WL 1629191 at **8–12 (N.D. Cal. April 16, 2013); and *Hughes v. Ester C Co.*, 930 F. Supp.2d 439, 455–59 (E.D. New York 2013). *See also Eckler v. Wal-Mart Stores, Inc.*, No. 12-CV-727, 2012 WL 5382218 at *1 (S.D. Cal. Nov. 1, 1012) (citing *King Bio* and stating: "The first question for the Court is whether Eckler's false advertising claims under the Unfair Competition Law and Consumer Legal Remedies Act are really just "lack of substantiation" claims. It's a problem if they are, because private litigants can't bring those claims."); *In re Clorox Consumer Litigation*, 894 F. Supp.2d 1224, 1232 (N.D. Cal. 2012) ("Consumer claims for lack of substantiation are not cognizable under California law.").

that private plaintiffs, unlike prosecuting authorities, do not have the power to require defendants to substantiate their advertising claims, and that private plaintiffs, like prosecuting authorities, have the burden of proving that the marketing claims are false or misleading.

Under the circumstances, it is readily apparent that *King Bio*'s holding is firmly established law in California. As this court has not been presented with any "convincing evidence" to decide differently, we are obligated to follow the holding in *King Bio*. *Accord Lewis v. Telephone Employees Credit Union*, 87 F.3d at 1546. The district court did not err in concluding that neither the UCL nor the CLRA provides Kwan with a private cause of action to enforce the substantiation provisions of Calfornia's unfair competition or consumer protection laws.

**2. Whether the district court erred when it concluded that the Second Amended Complaint failed to specifically allege facts to support a finding that SanMedica's claims regarding SeroVital were actually false.**

In order to "survive a rule 12(b)(6) motion to dismiss, a 'plaintiff must allege enough facts to state a claim to relief that is plausible on its face.'" *Turner v. City and County of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015) (quoting *Lazy Y Ranch Ltd. v. Behrens*, 546 F.3d 580, 588 (9th Cir. 2008)). "In assessing whether a party has stated a claim upon which relief can be granted, a court must take all allegations of material fact as true and construe them in the light most favorable to the nonmoving party[.]" *Turner*, 788 F.3d at 1210. "[C]onclusory allegations of law and unwarranted inferences", however, "are insufficient to avoid" dismissal.

*Id.* (quoting *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009)). "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Legal conclusions may provide a framework for a complaint, but "they must be supported by factual allegations." *Id.* The court will assume the veracity of well-pleaded factual allegations "and then determine whether they plausibly give rise to an entitlement to relief." *Id.* This plausibility standard requires more than "a sheer possibility that a defendant has acted unlawfully" but "is not akin to a probability standard." *Turner*, 788 F.3d at 1210 (9th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678). "'A claim has facial plausibility when the plaintiff pleads content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Johnson*, 793 F.3d at 1007 (quoting *Iqbal*, 556 U.S. at 678.

Kwan asserts the second amended complaint sufficiently alleges false misrepresentation in at least two ways that do not implicate a mere lack of substantiation. First, she contends that she adequately pled falsity when she alleged that the "clinically tested" representation, at a minimum, falsely implied that the marketing claims of SeroVital's health benefits were clinically proven by credible scientific proof. Secondly, she contends that the claims that growth hormone levels are associated with certain health benefits described in paragraph 1 of the second amended complaint falsely imply that defendant's product claims were based on credible scientific proof. These allegations are conclusory and do nothing to support or prove the falsehood of the claims. Instead each of these is simply an allegation that defendant's marketing claims lack scientific substantiation.

Since California law does not provide a private cause of action for claims that advertising lacks substantiation, the failure to allege specific facts pointing to actual falsehood constitutes a fatal flaw.

In an attempt to resuscitate her complaint, Kwan invites the court to incorporate Lanham Act provisions into California's unfair competition and consumer protection law by distinguishing between "establishment" and "non-establishment" claims. In support Kwan cites several cases decided under the Lanham Act or laws with similar provisions. In *King Bio*, however, the court made plain that the plaintiff carries the burden of proof in false advertising actions, stating "We are aware of no cases in which the burden of proof shifts to the defendant upon the filing of the complaint." 107 Cal.App.4th at 1346–47. Courts have recognized that no authority exists under California law for using the Lanham Act distinction between "establishment" and "non-establishment" claims as a means of shifting the burden of proof in California consumer protection law actions. *E.g.*, *Aloudi v. Intramedic Research Group, LLC*, No. 15-cv-00882, 2015 WL 4148381, at *4 (N.D. Cal. 2015) ("Plaintiff does not cite any case in which the "establishment claim" standard has been applied outside the context of Lanham Act claims, and all of Plaintiff's cited authority exclusively analyzed Lanham Act claims."). Like the plaintiff in *Aloudi*, Kwan has not cited any authority for applying the "establishment claim" standard outside of the Lanham Act context and, more specifically, has not cited any authority for applying Lanham Act analysis to private causes of action under the UCL or the CLRA.

The *King Bio* court stated:

Public policy in this regard has been clearly
established by the Legislature. The
Legislature has established as a general rule
that the burden of proof is on the plaintiff to
establish a defendant's wrongdoing. . . . More
specifically, the Legislature has confirmed
that the burden of proof rests with the plaintiff
in false advertising actions. . . . In Business
and Professions Code section 17508, the
Legislature has authorized prosecuting
authorities to administratively seek
substantiation of advertising claims from
advertisers. If substantiation is not
forthcoming, is inadequate, or fails to dispel
the belief the advertising claim is false or
misleading, the prosecuting authority may
bring an action for false advertising under
Business and Professions Code section 17535.
In these actions for false advertising, the
prosecuting authority is expressly assigned the
burden of proof. It would be inappropriate to
shift the burden of proof to the defendant in a
private plaintiff false advertising action when
the private plaintiff is not statutorily
authorized to seek substantiation of the
advertising claim from the defendant.

107 Cal. App. 4th at 1347–48 (citations omitted).

Reading a requirement that Lanham Act distinctions
apply would clearly violate recognized California law on the
burden of proof placed on the plaintiff. The *King Bio* court
emphasized:

there is nothing in the nature of a false advertising action that makes it difficult for a plaintiff to prove the allegations of the complaint. The homeopathic remedies are marketed and readily available for testing by the plaintiff. The falsity of the advertising claims may be established by testing, scientific literature, or anecdotal evidence. That NCAHF does not wish to bear the expense of proving its case does not mean that the burden and expense should be shifted to King Bio.

*Id.* at 1348.

The rationale behind the legislation regarding substantiation claims is to provide prosecuting authorities a means of protecting consumers while limiting "undue harassment of advertisers and is the least burdensome method of obtaining substantiation for advertising claims." *Id.* at 1345; *accord McCrary v. Elations LLC*, Slip Copy, No. EDCV 13-0242, 2014 WL 12561600, at *13 (noting that plaintiff's cites to Federal Trade Commission Act and Lanham Act cases "are not precedent that is applicable to" a case brought under the CLRA or the UCL).

The district court did not err by declining to address Kwan's complaint as if this were a case brought under the Lanham Act. Nor did it err in recognizing that the second amended complaint failed to allege facts that would support a finding that defendant's marketing claims were actually false.

## CONCLUSION

The district court applied established California law and correctly identified that the second amended complaint did not allege facts to support a finding that defendant's advertising claims were actually false. We **AFFIRM** the order granting the motion to dismiss under rule 12(b)(6) of the Federal Rules of Civil Procedure. As the court provided Kwan with ample opportunity to amend her complaint to plead satisfactorily a cause of action under California law and Kwan was unable to do so, we **AFFIRM** the district court's dismissal with prejudice.

**AFFIRMED.**