NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

FEB 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SABRA ALBRITTON, <br><br>         Plaintiff-Appellant, <br><br>   v. <br><br> TIFFANY & BOSCO PA; et al., <br><br>         Defendants-Appellees. | No. 13-16464 <br><br> D.C. No. 4:12-cv-00924-HCE <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Arizona
Hector C. Estrada, Magistrate Judge, Presiding[**]

Submitted February 13, 2018[***]

Before:     LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

This matter has been stayed since August 11, 2017, pending issuance of the mandate in *Ho v. ReconTrust Co., N.A.*, No. 10-56884, or further order of the court. We hereby lift the stay.

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to the jurisdiction of the magistrate judge.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Sabra Albritton appeals pro se from the district court's order dismissing her action alleging Fair Debt Collection Practices Act ("FDCPA") claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Albritton's FDCPA claims against the Bank of New York Mellon Corp. ("BNYM") because Albritton failed to allege facts sufficient to show that BNYM was a "debt collector" under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of "debt collector" a creditor collecting debts on its own behalf).

The district court properly dismissed Albritton's FDCPA claims against the remaining defendants because Albritton failed to allege facts sufficient to state plausible claims for relief under 15 U.S.C. §§ 1692d-1692g. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider the district court's denial of Albritton's request for a temporary restraining order because the denial is not appealable. *See Hunt v. Nat'l Broadcasting Co.*, 872 F.2d 289, 292 (9th Cir. 1989) ("[T]he denial of a temporary restraining order is not generally appealable unless it effectively decides the merits

13-16464

of the case . . . ." (citation omitted)).

The district court did not abuse its discretion by declining to take judicial notice of the endorsements of the note because Albritton failed to show that this information was relevant and "not subject to reasonable dispute." Fed. R. Evid. 201(b); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review).

We reject as without merit Albritton's contentions regarding judicial bias.

Albritton's request for a permanent injunction, set forth in the opening brief, is denied.

Albritton's request for sanctions, set forth in Albritton's objection to the notice of bankruptcy (Docket Entry No. 30), is denied.

**AFFIRMED.**

13-16464