**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 26 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUZ AQUINO, | No.   15-17170 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-00068-GMN-GWF |
| v. | |
| PNC MORTGAGE; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Gloria M. Navarro, Chief Judge, Presiding

Submitted February 13, 2018[**]

Before:    LEAVY, FERNANDEZ, and MURGUIA, Circuit Judges.

Luz Aquino appeals pro se from the district court's judgment dismissing her

action alleging Fair Debt Collection Practices Act ("FDCPA"), Fair Credit

Reporting Act, and state law claims related to a mortgage on real property.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Aquino's FDCPA claim against PNC Bank, N.A. because Aquino failed to allege facts sufficient to show that PNC was a debt collector under the FDCPA. *See* 15 U.S.C. § 1692a(6)(F)(ii) (excluding from the definition of debt collector a creditor collecting debts on its behalf); *Schlegel v. Wells Fargo Bank, N.A.*, 720 F.3d 1204, 1208 (9th Cir. 2013) (plaintiff "must plead factual content that allows the court to draw the reasonable inference that [the defendant] is a debt collector" (citation internal quotation marks omitted)).

The district court properly dismissed Aquino's FDCPA claim against Clear Recon Corporation because Aquino failed to allege facts sufficient to state a plausible claim under 15 U.S.C. §§ 1692d-1692g. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

15-17170