NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 16 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT HERALDEZ; NANCY HERALDEZ, <br><br>        Plaintiffs-Appellants, <br><br>  v. <br><br> BAYVIEW LOAN SERVICING, LLC, a Delaware Limited Liability Company; et al., <br><br>        Defendants-Appellees. | No.   17-55174 <br><br> D.C. No. 5:16-cv-01978-R-DTB <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Manuel L. Real, District Judge, Presiding

Submitted April 11, 2018[**]

Before:    SILVERMAN, PAEZ, and OWENS, Circuit Judges.

Robert and Nancy Heraldez appeal from the district court's judgment

dismissing their action alleging Fair Debt Collection Practices Act ("FDCPA") and

state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed plaintiffs' FDCPA, California Civil Code § 2923.55 and breach of covenant of good faith and fair dealing claims because plaintiffs failed to allege facts sufficient to state a plausible claim for relief. *See* 15 U.S.C. § 1692g; Cal. Civ. Code § 2923.55 (repealed Jan. 1, 2018); *Carma Developers (Cal.), Inc. v. Marathon Dev. Cal., Inc.*, 826 P.2d 710, 726 (Cal. 1992) (discussing nature and elements of claim for breach of covenant of good faith and fair dealing); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court properly dismissed plaintiffs' negligence claim because it was barred by the applicable two-year statute of limitations. *See* Cal. Civ. Proc. Code § 339.

The district court did not abuse its discretion by denying plaintiffs leave to file an amended complaint because amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper

17-55174

when amendment would be futile).

**AFFIRMED.**