**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOSE BENJAMIN RODRIGUEZ, | No. 17-16021 |
| Plaintiff-Appellant, | D.C. No. 2:16-cv-02180-KJD-CWH |
| v. | |
| NATIONSTAR MORTGAGE LLC; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Submitted January 15, 2019[**]

Before:    TROTT, TALLMAN, and CALLAHAN, Circuit Judges.

Jose Benjamin Rodriguez appeals pro se from the district court's judgment dismissing his action alleging federal and state law claims relating to foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica*

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Rodriguez's claims under the Truth in Lending Act ("TILA") because the loan at issue was a "residential mortgage transaction" and therefore not subject to TILA rescission. *See* 15 U.S.C. § 1635(e)(1) (the right of rescission does not apply to a "residential mortgage transaction"); *id.* § 1602(x) (defining "residential mortgage transaction").

The district court properly dismissed Rodriguez's wrongful foreclosure claim because Rodriguez failed to allege facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Collins v. Union Fed. Sav. & Loan Ass'n*, 662 P.2d 610, 623 (Nev. 1983) (wrongful foreclosure claim requires that no failure of performance existed on the part of the borrower that would have authorized foreclosure).

**AFFIRMED.**