NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUL 24 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN NEWS AND INFORMATION SERVICES, INC., a Connecticut corporation; EDWARD PERUTA; JAMES C. PLAYFORD, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> WILLIAM D. GORE, individually and in his official capacity as San Diego County Sheriff; JAN CALDWELL, individually and in her official capacity as San Diego County Sheriffs Department Public Affairs Director; THOMAS SEIVER, San Diego County Sheriffs Department Deputy, individually; BRENDAN COOK, San Diego County Sheriffs Department Deputy, individually; JESSE ALLENSWORTH, San Diego County Sheriffs Department Deputy, individually; JAMES BRENEMAN, San Diego County Sheriffs Department Deputy, individually; MICHAEL PROCTOR, San Diego County Sheriffs Department Deputy, individually; SAN DIEGO COUNTY SHERIFF'S DEPARTMENT; WILLIAM LANSDOWNE, individually and in his official capacity as San Diego Police Chief; SAN DIEGO POLICE DEPARTMENT; BONNIE DUMANIS, Individually and in | No. 16-55770 <br><br> D.C. No. 3:12-cv-02186-BEN-KSC <br><br> MEMORANDUM[*] |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

her official capacity as San Diego County District Attorney; SAN DIEGO COUNTY DISTRICT ATTORNEY'S OFFICE, individually; JOHN DOE 1-10; CITY OF SAN DIEGO; COUNTY OF SAN DIEGO,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of California
Roger T. Benitez, District Judge, Presiding

Argued and Submitted February 5, 2018
Resubmitted July 24, 2019
Pasadena, California

Before:  WARDLAW and HURWITZ, Circuit Judges, and KORMAN,** District Judge.

James Playford and American News & Information Services, Inc. (American News) appeal an adverse judgment on their claims arising out of Playford's interactions with San Diego County officials while working as a freelance photojournalist.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm.

1.     The district court correctly dismissed Playford's First Amendment retaliatory arrest, search, and seizure claims against the arresting officers, though it did so based on qualified immunity.  The Supreme Court recently held that "[t]he plaintiff pressing a retaliatory arrest claim must plead and prove the absence of

_____

**     The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

probable cause for the arrest." *Nieves v. Bartlett*, 139 S. Ct. 1715, 1724 (2019).

Playford concedes that the officers had probable cause for his first three arrests,

and the allegations in the complaint about his fourth arrest on May 25, 2012, for

violation of California Penal Code § 148(a)(1), establish the existence of probable

cause for that arrest. Because Playford has not demonstrated that an exception to

the no-probable-cause requirement applies, *see Nieves*, 139 S. Ct. at 1727; *Lozman

v. City of Rivera Beach*, 138 S. Ct. 1945, 1951, 1954–55 (2018), his claims fail as a

matter of law. Because we can affirm on any basis fairly presented in the record,

*see Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017), we affirm the

dismissal of these claims.

2.     The district court correctly dismissed Playford's Fourth Amendment false

arrest claim on qualified immunity grounds. *See White v. Pauly*, 137 S. Ct. 548,

551 (2017) (per curiam). The arresting officers are entitled to qualified immunity

because it was "*reasonably arguable* that there was probable cause" to arrest

Playford for failing to abide by their order to leave the accident scene on May 25,

2012. *Rosenbaum v. Washoe Cty.*, 663 F.3d 1071, 1076 (9th Cir. 2011) (per

curiam). The arresting officers reasonably believed that they could order Playford

to leave the accident scene because they had been informed he was not a member

of the media and he lacked government-issued media credentials. *See* Cal. Penal

Code § 409.5(a); *L.A. Free Press, Inc. v. City of Los Angeles*, 88 Cal. Rptr. 605, 610–11 (Ct. App. 1970).

3.    The district court correctly dismissed Playford's Fourth Amendment wrongful search and seizure claim against the arresting officers on the basis of qualified immunity. *See White*, 137 S. Ct. at 551. At the time when the officers seized Playford's camera incident to his arrests on March 9, 2010, December 1, 2011, and May 25, 2012, Supreme Court authority did not clearly establish that it was unlawful for police officers to seize and search a digital camera incident to an arrest. *See United States v. Chadwick*, 433 U.S. 1, 14–15 (1977), *abrogated on other grounds by California v. Acevedo*, 500 U.S. 565 (1991).

4.    The district court correctly dismissed Playford's federal Privacy Protection Act (PPA) claim. The PPA prohibits law enforcement from seizing "any work product materials possessed by a person reasonably believed to have a purpose to disseminate to the public a newspaper, book, broadcast, or other similar form of public communication." 42 U.S.C. § 2000aa(a). However, the statute's "suspect exception" bars a PPA claim if "there is probable cause to believe that the person possessing such materials has committed or is committing the criminal offense to which the materials relate." *Id.* § 2000aa(a)(1). Because there was probable cause to arrest Playford on March 9, 2010, December 1, 2011, and May 25, 2012, and

4

Playford's camera documented the incidents leading to his arrests, the suspect exception bars Playford's PPA claim.

5. The district court correctly concluded that Playford failed to raise a disputed issue of material fact as to whether Public Information Officer Jan Caldwell's conduct "would chill a person of ordinary firmness" from exercising his First Amendment rights or whether there was a causal connection between Caldwell's conduct and any adverse action. *See Blair v. Bethel Sch. Dist.*, 608 F.3d 540, 543 (9th Cir. 2010). Caldwell shared an accurate message, that Playford was not a member of the government-credentialed news media, with the lobby deputies at the Sheriff's Administrative Center, and there was no evidence that this message, accompanying Playford's photo, was circulated to the arresting officers in the field. *See Mulligan v. Nichols*, 835 F.3d 983, 989–90 (9th Cir. 2016) (discussing the "high bar" for "analyzing whether speech by government officials is sufficiently adverse to give rise to a First Amendment retaliation claim"). Moreover, the presence of probable cause to support Playford's arrests forecloses this claim to the extent his arrests are the relevant "adverse action." *See Nieves*, 139 S. Ct. at 1724–25.

6. The district court correctly dismissed Playford's First Amendment retaliation claim against District Attorney Bonnie Dumanis. Although the district court incorrectly concluded that Dumanis was entitled to absolute immunity for her

decision to exclude Playford from a news conference on January 4, 2012, she is entitled to qualified immunity. *See Buckley v. Fitzsimmons*, 509 U.S. 259, 268, 277–78 (1993); *Kwan*, 854 F.3d at 1093. At the time of the news conference, California law allowed government officials to treat news media with government-issued credentials differently from news media without such credentials. *See L.A. Free Press*, 88 Cal. Rptr. at 610–11.

7. The district court correctly granted summary judgment in favor of the County of San Diego and County Sherriff William Gore on Playford's claim under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978), and correctly dismissed the claim as to Caldwell. Playford did not raise a genuine issue of material fact as to whether the County was deliberately indifferent to an obvious risk of a constitutional violation. *See Bd. of Cty. Comm'rs of Bryan Cty. v. Brown*, 520 U.S. 397, 410–11 (1997); *City of Canton v. Harris*, 489 U.S. 378, 388–89 (1989). Nor did Playford establish that any of the individual officials committed constitutional violations that could support his *Monell* claim. *See Gillette v. Delmore*, 979 F.2d 1342, 1346 (9th Cir. 1992) (per curiam); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam).

8. The district court correctly dismissed all claims asserted by American News for failure to state a claim. American News cannot vicariously assert claims based on Playford's Fourth Amendment rights. *See Alderman v. United States*, 394 U.S.

6

165, 173–74 (1969); *Lyall v. City of Los Angeles*, 807 F.3d 1178, 1186 (9th Cir. 2015). Because the sole allegations concerning American News are that the company owned Playford's cameras that were seized during his arrests, there is no factual basis for American News to assert a Fourth Amendment claim on its own behalf.

**AFFIRMED.**