**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 2 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| VAHE AFTANDILIAN, | No. 18-56666 |
| Plaintiff-Appellant, | D.C. No. 2:18-cv-07929-SJO-GJS |
| v. | |
| WELLS FARGO BANK, N.A.; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted November 18, 2019[**]

Before: CANBY, TASHIMA, and CHRISTEN, Circuit Judges.

Vahe Aftandilian appeals from the district court's judgment dismissing his

action alleging violations of the Truth In Lending Act ("TILA") and California

Business & Professions Code § 17200 *et seq*. ("UCL") arising from foreclosure

proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's dismissal on the basis of claim preclusion. *Furnace v. Giurbino*, 838 F.3d 1019, 1023 n.1 (9th Cir. 2016). We may affirm on any basis supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Aftandilian's TILA claim brought under 15 U.S.C. § 1641(g) and UCL claim against Wells Fargo Bank, N.A., and U.S. Bank, N.A., because Aftandilian could have litigated these claims in his prior action, and all of the other elements of claim preclusion were met. *See Burdette v. Carrier Corp.*, 71 Cal. Rptr. 3d 185, 191 (Ct. App. 2008) ("Res judicata bars the relitigation not only of claims that were conclusively determined in the first action, but also matter that was within the scope of the action, related to the subject matter, and relevant to the issues so that it could have been raised."); *Maldonado v. Harris*, 370 F.3d 945, 952 (9th Cir. 2004) (explaining that state law determines the preclusive effect of the prior state court judgment and setting forth the elements of claim preclusion under California law).

Dismissal of Aftandilian's UCL claim against Bank of America, N.A. was proper because Aftandilian failed to allege facts sufficient to state a plausible claim for relief. *See Prakashpalan v. Engstrom, Lipscomb & Lack*, 167 Cal. Rptr. 3d 832, 856 (Ct. App. 2014) ("To state a cause of action based on an unlawful business act or practice under the UCL, a plaintiff must allege facts sufficient to

show a violation of some underlying law."); *Puentes v. Wells Fargo Home Mortg., Inc.*, 72 Cal. Rptr. 3d 903, 908 (Ct. App. 2008) (defining "unfair," "unlawful" and "fraudulent" practices under California's UCL).

The district court did not abuse its discretion in denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the court need not grant leave to amend if amendment would be futile).

**AFFIRMED.**