NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JUDITH V. BROWN, | No. 19-17331 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-02889-DWL |
| v. | |
| NEWREZ LLC; BANK OF AMERICA, NA, | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted December 2, 2020[**]

Before:     WALLACE, SILVERMAN, and BRESS, Circuit Judges.

Judith V. Brown appeals pro se from the district court's judgment dismissing her diversity action alleging state law claims arising out of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Brown's action because Brown failed to allege facts sufficient to show that defendants made any misrepresentations to Brown in connection with her request for a loan modification. *See KB Home Tucson, Inc. v. Charter Oak Fire Ins. Co.,* 340 P.3d 405, 412 n.7 (Ariz. Ct. App. 2014) (elements of negligent misrepresentation claim); *Dunlap v. Jimmy GMC of Tucson, Inc.,* 666 P.2d 83, 87 (Ariz. Ct. App. 1983) (elements of Arizona Consumer Fraud Act claim); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion in denying Brown's motion for leave to amend her complaint because Brown's proposed amended complaint failed to allege facts sufficient to state any plausible claim for misrepresentation in connection with Brown's request for a loan modification, and therefore amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and stating that leave to amend may be denied where amendment would be futile).

**AFFIRMED.**

19-17331