NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LINDA LYNAUGH,

          Plaintiff-Appellant,

  v.

MICHAEL VINCENT; STINSON
LEONARD STREET LLP,

          Defendants-Appellees.

No.   20-15363

D.C. No. 2:19-cv-04643-DJH

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Arizona
Diane J. Humetewa, District Judge, Presiding

Submitted March 16, 2021[**]

Before:    GRABER, R. NELSON, and HUNSAKER, Circuit Judges.

Linda Lynaugh appeals pro se from the district court's judgment dismissing

her action alleging Fair Debt Collection Practices Act ("FDCPA") claims.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under

Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Kwan v.*

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Lynaugh's action because Lynaugh failed to allege facts sufficient to show a qualifying debt under the FDCPA.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)); *Turner v. Cook*, 362 F.3d 1219, 1226-27 (9th Cir. 2004) (holding that court judgments are not transactions under the FDCPA; a transaction under the FDCPA must involve some kind of business dealing or consensual obligation).

We reject as unsupported by the record Lynaugh's contentions that defendants made fraudulent misrepresentations in the district court.

**AFFIRMED.**