NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 10 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FREEDOM FOUNDATION, a not-for-profit organization,<br><br>        Plaintiff-Appellant,<br><br>  v.<br><br>RITA GAIL TURNER, in her official capacity as Litigation Research Coordinator in the Public Records Act Unit of the Office of General Counsel for the Los Angeles Unified School District, et al.,<br><br>        Defendant-Appellee,<br>and<br><br>CALIFORNIA PUBLIC EMPLOYMENT RELATIONS BOARD, et al.,<br><br>        Intervenor Defendant-Appellee. | No. 24-768<br><br>D.C. No. 2:23-CV-03286-WLH-JPR<br><br>MEMORANDUM[*] |

On Appeal from the United States District Court for
the Central District of California
Hon. Wesley L. Hsu, presiding

Submitted March 6, 2025[**]
Pasadena, California

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: TALLMAN, IKUTA, and CHRISTEN, Circuit Judges.

Plaintiff-Appellant Freedom Foundation, a non-profit organization dedicated to educating public employees about their right to refrain from paying union dues, appeals the district court's dismissal of its First Amendment claim for failing to state a claim. Appellant alleged that California Government Code Section 3556 ("Section 3556"), which prohibits disclosing the time, date, and location of public employee orientations to anyone other than "the employees, the exclusive representative, or a vendor that is contracted to provide a service for purposes of the orientation," Cal. Gov't Code § 3556, is a viewpoint-based and content-based restriction and a prior restraint on speech. We review de novo the district court's grant of a Rule 12(b)(6) motion for failure to state a claim, *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017) (citation omitted), and we affirm.

Even taking Appellant's non-conclusory factual allegations as true, Appellant did not state a plausible claim that Section 3556 violates the First Amendment as either a content-based or viewpoint-based restriction on speech, or as a prior restraint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell All. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

1.     Appellant failed to plausibly allege that Section 3556 is content or viewpoint discriminatory either on its face or in its "justification or purpose." *See Reed v. Town of Gilbert*, 576 U.S. 155, 166 (2015) (citations omitted). First, Section

3556 is not facially discriminatory because it does not "draw[] distinctions based on the message a speaker conveys." *See id.* at 163 (citation omitted). Like the regulation at issue in *Boardman v. Inslee*, 978 F.3d 1092 (9th Cir. 2020), Section 3556 regulates the dissemination of information based on the receiver's legal status—the employees, the exclusive representative, or a vendor that is contracted to provide a service for purposes of the orientation—not the content of their speech or the viewpoint they convey. *See Boardman*, 978 F.3d at 1112.

Second, Section 3556 does not discriminate in its "purpose and justification." *Reed*, 576 U.S. at 166. Its legislative history reflects a content and viewpoint neutral purpose and Appellant did not plead sufficient facts to show otherwise. Legislative reports show that the confidentiality provision arose out of "incidents of workers being targeted at public gatherings" that caused "privacy and safety concerns" for public employees. This is content and viewpoint neutral and concerns legitimate state interests. *See Kindt v. Santa Monica Rent Control Bd.*, 67 F.3d 266, 271 (9th Cir. 1995). So, too, is ensuring that an exclusive bargaining representative has access to carry out the duty of communicating with public employees at an orientation. *Boardman*, 978 F.3d at 1118; *see Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 585 U.S. 878, 898–99 (2018). The fact that Section 3556 has the "incidental effect" of denying Appellant access to the orientation information does not negate the law's neutral purpose. *Boardman*, 978 F.3d at 1113.

Appellant's theory is that Section 3556 was "adopted by the government because of disagreement with the message [the speech] conveys" based on the Legislature's allegedly pro-union bias. *See Reed*, 576 U.S. at 164 (alteration in original) (internal quotation marks and citation omitted). But none of Appellant's alleged evidence establishes a plausible connection between legislators' perceived pro-union bias and Section 3556.

2. Appellant failed to plausibly allege that Section 3556 amounts to a prior restraint, considering that the law does not forbid any speech. *See Twitter, Inc. v. Garland*, 61 F.4th 686, 702-03 (9th Cir. 2023), *cert. denied sub nom. X Corp. v. Garland*, 144 S. Ct. 556 (2024). Section 3556 does not allow the government to issue or threaten to issue an order forbidding speech, and it does not give the government discretion to approve or disapprove of Appellant's speech. The law allows the exclusive representatives of the employees to receive information about the location and timing of the orientation session based solely on legal status, which we affirmed in *Boardman*. *Boardman*, 978 F.3d at 1110. As the district court explained, Appellant did not state a claim by simply alleging that Section 3556 burdens Appellant's ability to efficiently locate and speak to new employees at orientations. Appellant acknowledged that Section 3556 does not bar it from reaching public employees to convey its message. Appellant can locate the names of new employees under the California Public Records Act.

24-768

3.     Since Section 3556 does not implicate First Amendment rights, it is subject to rational basis review, which presumes the law is constitutional. *Id.* at 1118 (citations omitted). Appellant does not contest that Section 3556 has a rational basis. It admits that the concern for employee privacy is "generally important," and "might suffice as support for a government interest under a rational basis approach . . . ." *See also id.* (holding that analogous law survived rational basis review because the state has a legitimate public interest in privacy and safety of the workers, as well as the "special responsibilities of an exclusive bargaining representative" (quoting *Perry Educ. Ass'n v. Perry Loc. Educators' Ass'n*, 460 U.S. 37, 54 (1983))).

**AFFIRMED.**