NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

JUL 29 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

LEDA HEALTH CORPORATION, a
Delaware corporation,

Plaintiff - Appellant,

v.

JAY ROBERT INSLEE, in his official
capacity as Governor of Washington;
ROBERT W. FERGUSON, in his official
capacity as Attorney General of
Washington,

Defendants - Appellees.

No. 24-6659

D.C. No.
2:24-cv-00871-DGE

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
David G. Estudillo, District Judge, Presiding

Argued and Submitted May 21, 2025
San Francisco, California

Before: BERZON, FRIEDLAND, and MENDOZA, Circuit Judges.

Plaintiff-Appellant Leda Health Corporation appeals the district court's

order granting Defendants-Appellees' ("Washington's") motion to dismiss and

denying Leda Health's motion for a preliminary injunction.  We review de novo

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

the district court's judgment granting a motion to dismiss for failure to state a claim and may affirm the dismissal based on any ground supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We have jurisdiction under 28 U.S.C. §§ 1291 and 1292, and we affirm.[1]

1. Leda Health failed to state any First Amendment claims. Section (2)(b) of House Bill 1564 ("HB 1564") regulates conduct, not speech, so Leda Health's First Amendment challenge to this provision fails.

To the extent that Section (2)(a) regulates speech, it regulates commercial speech and so must satisfy the test articulated in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980). Under this test, "[t]he government may ban . . . commercial speech related to illegal activity." *Id.* at 563–64. Because Section (2)(b) prohibits selling, offering, or otherwise making available sexual assault kits if the offeror "intends, knows, or reasonably should know that the sexual assault kit will be used for the collection of evidence of sexual assault other than by law enforcement or a health care provider," any speech covered by Section (2)(a) is "related to" the "illegal activity" of engaging in a transaction proscribed by Section (2)(b) and is therefore unprotected by the First

---

[1] Because we affirm the dismissal of Leda Health's Complaint, Leda Health's challenge to the district court's denial of a preliminary injunction is moot. *See HomeAway.com, Inc. v. City of Santa Monica*, 918 F.3d 676, 687 (9th Cir. 2019).

Amendment. Wash. Rev. Code § 5.70.070; *Cent. Hudson*, 447 U.S. at 564. It is hard to conceive of a circumstance in which someone "market[s] or otherwise present[s]" a "product with which evidence of sexual assault is collected" "as over-the-counter, at-home, or self-collected or in any manner that indicates" that the product "may be used for the collection of evidence of sexual assault other than by law enforcement or a health care provider" but does not "intend[]" or "know[]" or should not "reasonably . . . know" that the product "will be used for the collection of evidence of sexual assault other than by law enforcement or a health care provider." Wash. Rev. Code § 5.70.070.

2. HB 1564 is not a bill of attainder. Bills of attainder single out individuals for punishment without a judicial trial. *SeaRiver Mar. Fin. Holdings, Inc. v. Mineta*, 309 F.3d 662, 669 (9th Cir. 2002). HB 1564 does not single out Leda Health; it is a generally applicable law that applies to any party selling, offering for sale, or otherwise making available "sexual assault kits" marketed or otherwise presented for the collection of evidence by anyone other than law enforcement or a healthcare provider. Wash. Rev. Code § 5.70.070. Nor does HB 1564 inflict punishment without a judicial trial; it regulates only future conduct to mitigate prospective risks. *See id.*; *SeaRiver*, 309 F.3d at 675–76 (holding that the legislature's focus on prospective risks, regardless of the target's past conduct, evinced that the law at issue was not punitive in nature).

3                                              24-6659

3.  Because we affirm dismissal of Leda Health's claims on the merits, we need not and do not decide whether Leda Health's claims against the Governor are barred by the Eleventh Amendment.

**AFFIRMED.**