**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS O. PARK; CHRISTINE L. PARK,

           Plaintiffs-Appellants,

  v.

MARK S. BOSCO; et al.,

           Defendants-Appellees.

No.   17-15718

D.C. No. 2:16-cv-01279-SPL

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Steven Paul Logan, District Judge, Presiding

Submitted October 22, 2018**

Before:    SILVERMAN, GRABER, and GOULD, Circuit Judges.

      Thomas O. Park and Christine L. Park appeal pro se from the district court's

judgment dismissing their action alleging federal and state law claims arising out

of foreclosure proceedings. We have jurisdiction under 28 U.S.C. § 1291. We

---

      \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

      \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2). The Parks' requests for oral argument, set forth in their opening and reply briefs, are denied.

review de novo a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed the Parks' action because their claims are barred by the applicable statutes of limitations. *See* Ariz. Rev. Stat. § 12-543(3) (three-year statute of limitations for fraud claims); 15 U.S.C. § 1692k(d) (one-year statute of limitations for Fair Debt Collection Practices Act claims); *Coronado Dev. Corp. v. Superior Court*, 678 P.2d 535, 537 (Ariz. Ct. App. 1984) ("The statute of limitations in a fraud case [under Arizona law] begins to run when the plaintiff by reasonable diligence could have learned of the fraud, whether or not he actually learned of it.").

The district court did not abuse its discretion by denying plaintiffs further leave to amend because amendment would be futile. *See Chodos v. West Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (setting forth standard of review).

The district court did not abuse its discretion by granting defendants' motions to dismiss without holding a hearing. *See* Fed. R. Civ. P. 78(b) ("By rule or order, the court may provide for submitting and determining motions on briefs, without oral hearings.").

We reject as without merit plaintiffs' contention that defendants committed fraud upon the court.

We do not consider matters not specifically and distinctly raised and argued

17-15718

in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

JPMorgan Chase Bank, N.A.'s request for judicial notice (Docket Entry No. 31) is granted.

**AFFIRMED.**