**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SHIRLEY BROWN,

               Plaintiff-Appellant,

    v.

BANK OF AMERICA, N.A.; et al.,

               Defendants-Appellees.

No.   18-56625

D.C. No. 2:18-cv-03418-DDP-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Submitted August 19, 2019[**]

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Shirley Brown appeals pro se from the district court's judgment dismissing

her action alleging federal and state law claims arising from the foreclosure sale of

her property.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a

dismissal under Federal Rule of Civil Procedure 12(b)(6).  *Kwan v. SanMedica*

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

     [**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed Brown's wrongful foreclosure and fraud claims under California law because Brown failed to allege facts sufficient to state a plausible claim.  *See Hebbe v. Pliler*, 627 F.3d 338, 341-42 (9th Cir. 2010) (although pro se pleadings are construed liberally, a plaintiff must present factual allegations sufficient to state a plausible claim for relief); *Robinson Helicopter Co. v. Dana Corp.*, 102 P.3d 268, 274 (Cal. 2004) (elements of fraud claim); *Sciarratta v. U.S. Bank Nat'l Assn*, 202 Cal. Rptr. 3d 219, 226 (Ct. App. 2016) (elements of wrongful foreclosure claim).  Brown's contention that the bankruptcy of LandAmerica Financial Group, the parent company of the original trustee under the deed of trust, rendered these foreclosure proceedings wrongful is unpersuasive.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**