**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LEROI ESPIRIQUETZAL, | No. 18-35893 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-00157-YY |
| v. | |
| QUALITY LOAN SERVICE CORPORATION OF WASHINGTON; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Marco A. Hernandez, District Judge, Presiding

Submitted August 19, 2019**

Before:    SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Leroi Espiriquetzal appeals pro se from the district court's judgment

dismissing his action alleging federal and state law claims arising out of

foreclosure proceedings.  We have jurisdiction under 28 U.S.C. § 1291.  We

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Espiriquetzal's action because Espiriquetzal failed to allege facts sufficient to state a plausible claim for relief. *See* Fed. R. Civ. P. 12(b)(6); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**