NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 16 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TUYETLE PEARSON, AKA Tuyetle Crouch, <br><br>      Plaintiff-Appellant, <br><br>  v. <br><br> WASHINGTON MUTUAL BANK, N.A.; et al., <br><br>      Defendants-Appellees, <br><br>  and <br><br> ALDRIGE PITE; et al., <br><br>      Defendants. | No. 19-55137 <br><br> D.C. No. 3:18-cv-00411-CAB-BGS <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Submitted April 7, 2020**

Before: TASHIMA, BYBEE, and WATFORD, Circuit Judges.

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    ** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Tuyetle Pearson, aka Tuyetle Crouch, appeals pro se from the district court's judgment dismissing her diversity action alleging state law claims arising from her contention that a recorded assignment of the note and the deed of trust on her property was void. We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal under Federal Rule of Civil Procedure 12(b)(6). *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed Pearson's action for lack of standing because Pearson failed to show that the alleged irregularities in the transfer of her loan resulted in a concrete and particularized injury to her or rendered the transfer of the loan void. *See Lopez v. Candaele*, 630 F.3d 775, 785 (9th Cir. 2010) (explaining that to confer Article III standing, an "injury in fact must constitute an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." (citation and internal quotation marks omitted)); *Saterbak v. JPMorgan Chase Bank, N.A.*, 199 Cal. Rptr. 3d 790, 795-96 (Ct. App. 2016) (holding that an assignment of a loan into a securitized trust that was allegedly forged or untimely was merely voidable and, therefore, the borrower lacked standing to challenge its validity); *Fontenot v. Wells Fargo Bank, N.A.*, 129 Cal. Rptr. 3d 467, 480 (Ct. App. 2011) (loan can be transferred by unrecorded assignments), *disapproved on other grounds by Yvanova v. New Century Mortg. Corp.*, 365 P.3d 845 (Cal. 2016).

The district court did not abuse its discretion by denying leave to amend because amendment would have been futile. *See Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (setting forth standard of review and explaining that the court need not grant leave to amend if amendment would be futile).

The district court properly granted defendants' request for judicial notice of publicly recorded documents. *See* Fed. R. Evid. 201(b)(2); *Skilstaf, Inc. v. CVS Caremark Corp.*, 669 F.3d 1005, 1016 n.9 (9th Cir. 2012) (setting forth standard of review); *United States v. Howard*, 381 F.3d 873, 876 n. 1 (9th Cir. 2004) (the court may take judicial notice of court records in another case).

All pending motions are denied as moot.

**AFFIRMED.**