**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUDY LYNNE LUCORE; STEVEN
HARRY LUCORE, Sr.,

          Plaintiffs-Appellants,

  v.

MICHAEL DAVID ZEFF; et al.,

          Defendants-Appellees.

No.   18-56050

D.C. No. 3:15-cv-00910-JLS-MDD

MEMORANDUM*

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Submitted November 9, 2020**

Before: THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Judy Lynne Lucore and Steven Harry Lucore, Sr. appeal pro se from the

district court's judgment dismissing their action alleging Fair Debt Collection

Practices Act ("FDCPA") claims. We have jurisdiction under 28 U.S.C. § 1291.

---

    \*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

    \*\*    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed the Lucores' FDCPA claims under 15 U.S.C. §§ 1692e(5), 1692e(10), 1692e(2)(A), and 1692f(1) because the Lucores failed to allege facts sufficient to show any acts beyond attempts to repossess the property in the course of the unlawful detainer proceedings. *See Barnes v. Routh Crabtree Olsen PC*, 963 F.3d 993, 999 (9th Cir. 2020) ("[A] plaintiff must identify something beyond the mere enforcement of a security interest to establish that the defendants are acting as debt collectors subject to the FDCPA's broad code of conduct."); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (to avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face" (citation and internal quotation marks omitted)).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Defendant Nationstar Mortgage LLC's unopposed motion to dismiss the appeal as to Nationstar Mortgage LLC (Docket Entry No. 30) is granted.

18-56050

All other requests are denied.

**AFFIRMED.**