NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

NOV 18 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| STEVEN HARRY LUCORE, Sr.; JUDY LYNNE LUCORE, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> DEUTSCHE BANK NATIONAL TRUST COMPANY, As Trustee for the Holders of New Century Home Equity Loan Trust, Series 2005-A, Asset Backed Pass-Through Certificates; et al., <br><br> Defendants-Appellees, <br><br> and <br><br> FIRST LEGAL INVESTIGATIONS; R.T. HANSELL, <br><br> Defendants. | No. 19-55365 <br><br> D.C. No. 3:17-cv-02452-DMS-BLM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Dana M. Sabraw, District Judge, Presiding

Submitted November 9, 2020[**]

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before:  THOMAS, Chief Judge, TASHIMA and W. FLETCHER, Circuit Judges.

Steven Harry Lucore, Sr. and Judy Lynne Lucore appeal pro se from the district court's judgment dismissing their action alleging federal and state law claims arising from appellees Deutsche Bank National Trust Company and Bank of America, N.A.'s counterclaim against the Lucores filed in another lawsuit.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017).  We affirm.

The district court properly dismissed the Lucores' malicious prosecution claim because the Lucores failed to allege facts sufficient to show the counterclaim was brought against them without probable cause.  *See Parrish v. Latham & Watkins*, 400 P.3d 1, 7 (Cal. 2017) (elements of a malicious prosecution claim); *Jarrow Formulas, Inc. v. LaMarche*, 74 P.3d 747, 742 (2003) (probable cause for bringing a claim exists "if, at the time the claim was filed, any reasonable attorney would have thought the claim is tenable" (citation and internal quotation marks omitted)).

We do not consider matters not specifically and distinctly raised and argued in the opening brief.  *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Appellees' motion to strike Mr. Lucore's declaration (Docket Entry No. 10) is granted because the declaration was not presented to the district court.  *See*

*Barcamerica Int'l USA Trust v. Tyfield Importers, Inc.*, 289 F.3d 589, 595 (9th Cir. 2002) (granting motion to strike documents, including deposition transcript, that were not part of the record before the district court).

Appellees' motion to strike the opening brief filed by Mrs. Lucore and to dismiss her appeal for lack of subject matter jurisdiction (Docket Entry No. 12) is denied. *See* Fed. R. App. P. 3(c)(2) ("A pro se notice of appeal is considered filed on behalf of the signer and the signer's spouse . . . (if they are parties), unless the notice clearly indicates otherwise.").

All other requests are denied.

**AFFIRMED.**

19-55365