NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 14 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC CHARLES RODNEY K'NAPP, AKA Eric C.R. K'napp, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> EDMUND G. BROWN, Jr.; et al., <br><br> Defendants-Appellees. | No. 18-16959 <br><br> D.C. No. 2:17-cv-00742-KJM-CMK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Submitted June 11, 2019**

Before: CANBY, GRABER, and MURGUIA, Circuit Judges.

Eric Charles Rodney K'napp, aka Eric C.R. K'napp, appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action alleging federal claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo questions of constitutional standing. *Maya v. Centex Corp.*, 658 F.3d 1060, 1067

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(9th Cir. 2011). We may affirm on any ground supported by the record. *Kwan v. SanMedica Int'l*, 854 F.3d 1088, 1093 (9th Cir. 2017). We affirm.

The district court properly dismissed K'napp's action on the ground that K'napp lacked constitutional standing because K'napp failed to allege facts sufficient to show that the threat to terminate K'napp's single-cell accommodation resulted in a concrete and particularized injury to K'napp. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (setting forth elements of Article III standing); *Krottner v. Starbucks Corp.*, 628 F.3d 1139, 1143 (9th Cir. 2010) (explaining that a "credible threat" of future harm may confer Article III standing if it is "both real and immediate, not conjectural or hypothetical" (citation and internal quotation marks omitted)).

To the extent that K'napp attempted to state claims for damages under the Americans with Disabilities Act or the Rehabilitation Act on the basis of past events, the dismissal of these claims was proper because K'napp's complaint did not comply with Rule 8 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 8(a)(2) (requiring that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (explaining that a complaint must set forth simple, concise, and direct averments indicating "which defendants are liable to plaintiffs for which wrongs").

The district court did not abuse its discretion in denying K'napp's motion for reconsideration because K'napp failed to set forth any basis for relief. *See Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, In*c., 5 F.3d 1255, 1262-63 (9th Cir. 1993) (setting forth standard of review and grounds for reconsideration under Fed. R. Civ. P. 59(e) and 60(b)).

**AFFIRMED.**